**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **ANTHONY MAGLIETTA, STEVEN REID, AND JERRY VICTORIOUS,** | : : : | |
| | : | No.  5:25-cv-02364-WB |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **AMERICA PAC; GROUP AMERICA, LLC; ELON MUSK** | : : | |
| | : | |
| Defendants. | : | |

## JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 27, 2025, and submit to Chambers the following report of their meeting for the Court's consideration:

### 1. Discussion of Claims, Defenses, and Relevant Issues

**Plaintiffs' Statement:** Plaintiffs Anthony Maglietta, Steven Reid, and Jerry Victorious contend that Defendants America PAC, Group America, LLC, and Elon Musk are liable for breach of contract and under the doctrine of promissory estoppel. Plaintiffs bring these class action claims on behalf of themselves and on behalf of a class of similarly situated individuals.

As Plaintiffs have alleged, in approximately October 2024 Defendants offered to pay $47 to registered voters who signed America PAC's "Petition in Favor of Free Speech and the Right to Bear Arms." Defendants also offered a payment of $47 to individuals who referred registered voters in swing states to sign the America PAC petition. Defendants repeatedly advertised these offers to the general public, including at campaign events, on social media, and on the America PAC website.

Elon Musk repeatedly advertised these offers on X (formerly Twitter). For example, on October 6, 2024, Mr. Musk posted a link to the petition on X and stated that "For every person you refer who is a swing state voter, you get $47! Easy Money." This post was viewed by more than 55 million people.

Then on approximately October 17, 2024, Defendants increased their offer for voters registered in Pennsylvania. Rather than $47 dollars, Defendants offered $100 to each registered voter in Pennsylvania who signed the petition and $100 to each person who referred a registered Pennsylvania voter to sign the petition. On October 17, 2024, Elon Musk posted the following message on X: "If you're a registered Pennsylvania voter, you & whoever referred you will now get $100 for signing our petition in support of free speech & right to bear arms. Earn money for supporting something you already believe in! Offer valid until midnight on Monday."

Plaintiffs Maglietta, Reid, and Victorious each signed the petition and referred numerous other registered swing state voters to sign the petition. Plaintiff Maglietta (a Pennsylvania voter) signed the petition and referred many voters in Pennsylvania to sign it. Plaintiff Reid (a Nevada voter) worked as a canvasser for America PAC in Michigan and Georgia, and, in connection with that work, he signed the petition and referred many registered voters in those states to sign the petition. Likewise, Plaintiff Victorious (a Georgia voter) signed the petition and referred numerous other Nevada voters to sign it.

Plaintiffs are aware of numerous other individuals who referred voters to sign the America PAC petition and who have not been paid the full amount that Defendants promised for their referrals. Thus, Plaintiffs contend that Defendants are liable for breach of contract, under the doctrine of promissory estoppel.

**Defendants' Statement:** Plaintiffs, individually and on behalf of a putative class, allege breach of contract and promissory estoppel claims against America PAC, Group America, LLC, and Elon Musk. Plaintiffs claim Defendants offered to pay $47 (later $100 in Pennsylvania) to registered voters across seven states (Pennsylvania, Georgia, Nevada, Arizona, Michigan, Wisconsin, and North Carolina) for signing or referring others to sign America PAC's citizen petition supporting the First and Second Amendments to the United States Constitution. Plaintiffs claim they failed to receive "full" payment of moneys that Plaintiffs claim to be owed pursuant to Plaintiffs' participation in America PAC's citizen petition program.

Defendants do not dispute that America PAC operated a program through which verified registered voters, in the referenced select states, could earn $47 (or, later and in Pennsylvania only, $100) for signing a citizen petition supporting the First and Second Amendments to the United States Constitution. Defendants also do not dispute that, where all of the program terms and conditions were met, verified registered voters could earn $47 (and, later and in Pennsylvania only, $100) for each verified registered voter in the seven select states that they referred to sign said petition. Defendants deny Plaintiffs' legal claims in their entirety and—pursuant to Federal Rule of Civil Procedure 15(a)(3)—will file a motion to dismiss no later than June 9, 2025. Defendants anticipate that said motion will demonstrate that this case should be dismissed because, among other reasons: (1) the complaint does not plead facts sufficient to support Plaintiffs' standing; (2) the complaint does not plead facts sufficient to establish venue in this District; (3) Plaintiffs' breach of contract and promissory estoppel claims fail because they do not plead facts sufficient to establish any enforceable agreement or reasonable reliance; and (4) Plaintiffs' proposed class is unviable, as individualized issues of voter registration and referral validity preclude certification.

3

Defendants anticipate that their motion to dismiss will result in dismissal of this case entirely (or, at a minimum, will eliminate certain claims and Defendants and narrow the scope of remaining claims).

## 2.  Initial and Informal Disclosures

Counsel agree to exchange initial disclosures under Rule 26(a)(1) on or before June 17, 2025. Disclosures will be provided in written lists with documents in PDF format. No informal disclosures are proposed. Self-executing discovery will not be delayed absent any contrary order by the Court.

## 3.  Formal Discovery

**Plaintiffs' Statement:** Plaintiffs intend to conduct written discovery and depositions. Plaintiffs propose that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action. If the Court declines to certify this case as a class action, Plaintiffs propose that the discovery period shall close 60 days after the Court's denial of Plaintiffs' request for class certification.

Plaintiffs oppose Twitter's request to bifurcate discovery into class certification and merits discovery.  It would be difficult to distinguish between the two and would likely raise unnecessary disputes about what discovery would be encompassed by the first stage. Plaintiffs oppose, however, discovery of putative class members, absent agreement by the parties.

**Defendants' Statement:** To further the efficient use of judicial and party resources, Defendants propose that formal discovery be bifurcated. Bifurcation would allow the parties to focus initial discovery on threshold issues, such as standing and the viability of Plaintiffs' pleaded claims, before addressing broader class-related matters. This would allow for the resolution of

4

potentially dispositive issues before engaging in costly and expansive class discovery, preserving the resources of all parties and the Court.

Defendants propose that Phase 1 discovery would focus on the specific Plaintiffs in this case, their interactions with Defendants, Defendants' general conduct and operation of the citizen petition program, and any defenses raised by Defendants as relates to the Plaintiffs. Phase 1 discovery would begin on June 3, 2025 and be completed on December 3, 2025. Phase 1 discovery would be conducted with the standard limits of 25 interrogatories and 10 depositions (7 hours each) per Federal Rules of Civil Procedure 33 and 30. Any stipulations to exceed would require written agreement of counsel for the parties or order of the Court.

Defendants would have an opportunity to file a summary judgment motion on Phase 1 issues on or before February 3, 2026. The purpose of this summary judgment motion would be to determine whether the proposed class plaintiffs have standing to maintain each of their claims.

If the Court denies Defendants' Motion for Summary Judgment on Phase 1 issues in whole or part, the parties will prepare a schedule for Phase 2 discovery which will address class-related issues and any other remaining fact issues in the case, including a timeline for submission of class-certification motions. The proposed schedule will be submitted to Court within 14 days from the date the Court rules on Phase 1 summary judgment motions, unless said ruling disposes of all claims and parties in this case. Because class questions will likely involve greater investigation and discovery needs, Counsel agree to a limit of 50 interrogatories and 20 depositions (7 hours each) for Phase 2 discovery.

4. **Electronic Discovery**

**The Parties' Statement:** The parties have agreed to adopt the Court's standard Order Governing Electronic Discovery. The parties anticipate electronic discovery on threshold issues,

such as petition records and communications relevant to standing and claims against individual Defendants.

5. **Expert Witness Disclosures**

**Plaintiffs' Statement:** Plaintiffs propose that the parties' expert witness disclosure(s) (if any) shall be due 30 days following the close of fact discovery, any responsive expert witness disclosure shall be due 30 days following the initial disclosures, and expert discovery shall be concluded by 30 days following any responsive expert disclosure(s).

**Defendant's Statement:** Defendants propose deferring expert witness disclosures until after any fact discovery, with simultaneous exchange of expert identities and reports approximately 30 days after the close of Phase 2 fact discovery, expert depositions completed approximately 90 days thereafter, and *Daubert* motions due 30 days later.

6. **Early Settlement or Resolution**

The parties have not discussed the possibility of promptly settling or resolving the case but currently do not anticipate being able to resolve the matter and are prepared to proceed with litigation. The parties all acknowledge that this may change as the case moves forward and will engage in good faith in any settlement discussions which may prove productive.

7. **Trial Date**

**Plaintiffs' Statement:** Plaintiffs propose setting a trial date in early 2026.

**Defendant's Statement:** Defendants propose deferring selection of a trial date until resolution of its motion to dismiss and/or summary judgment motion following Phase 1 discovery.

8. **Other**

No additional matters were discussed or agreed upon at the Rule 26(f) Conference beyond those addressed above.

Date: May 27, 2025

Respectfully submitted,


*s/ Jeremy E. Abay*
Shannon Liss-Riordan (*pro hac vice*
forthcoming)
Thomas Fowler (*pro hac vice* forthcoming)
Jeremy E. Abay (PA # 316730)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
jabay@llrlaw.com

*Attorneys for Plaintiffs*


/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com

Chris K. Gober
Texas State Bar No. 24048499
Anne Marie Mackin
Texas State Bar No. 24078898
Jesse Vazquez
Florida State Bar No.1013573
Lex Politica PLLC
P.O. Box 341015
Austin, TX 78734
Telephone: (512) 354-1785
cgober@lexpolitica.com
amackin@lexpolitica.com
jvazquez@lexpolitica.com

Andy Taylor
Texas State Bar No. 19727600
Andy Taylor & Associates, P.C.
2628 Highway 36S #288
Brenham, TX 77833
Telephone: (713) 412-4025
ataylor@ataylorlaw.com

**Attorneys for Defendants**