IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MAGLIETTA, STEVEN REID, and JERRY VICTORIOUS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA PAC and ELON MUSK,<br><br>Defendants | Case No. 2:25-cv-2364<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>** |

Anthony Maglietta, Steven Reid, and Jerry Victorious, individually and on behalf of all others similarly situated, bring this class action for breach of contract and promissory estoppel (in the alternative) against Defendants America PAC and Elon Musk, alleging:

## INTRODUCTION

1. In October 2024, Defendants offered payment to any registered voter in certain swing states who signed America PAC's petition to support the First and Second Amendments. The amount of the payment was $47, although in Pennsylvania, it was later increased to $100. *See* Exhibit A.

1

2. Defendants also offered a payment of $47 for each successful referral of a registered voter in swing states who signed the America PAC petition. This amount was also later increased to $100 for Pennsylvania.

3. Plaintiffs and Class Members accepted Defendants' offers by signing or successfully referring swing state voters to the America PAC petition.

4. Defendants have since failed to pay Plaintiffs and Class Members in full for their signatures and referrals.

5. Defendants are thus liable to Plaintiffs and Class Members.

## PARTIES

6. Plaintiff Anthony Maglietta is an adult individual residing in Lancaster, Pennsylvania.

7. Plaintiff Steven Reid is an adult individual residing in Las Vegas, Nevada.

8. Plaintiff Jerry Victorious is an adult individual residing in Lilburn, Georgia.

9. Defendant America PAC is a political action committee with a principal place of business in Austin, Texas.

10. Defendant America PAC (FEC-1835649) is registered with the Federal Election Commission as an independent expenditure-only political committee (Super PAC).

11. Defendant Elon Musk is an adult individual with a residence in Boca Chica, Texas.

12. Defendant Elon Musk is the founder of Defendant America PAC.

### JURISDICTION AND VENUE

13. This Court has original jurisdiction over this class action under 28 U.S.C. § 1332(d) because the Defendants and Class Members are citizens of different states, there are expected to be more than 100 Class Members, and the amount in controversy is expected to exceed $5,000,000.

14. Venue is appropriate under 28 U.S.C. § 1391 because many of Defendants' interactions with Plaintiffs and Class Members occurred or arose out of this District.

### FACTUAL BACKGROUND

15. In or around October 2024 through November 5, 2024, Defendants repeatedly offered to pay $47, later increased to $100 in Pennsylvania, to registered voters who signed America PAC's "Petition in Favor of Free Speech and the Right to Bear Arms."

16. Defendants also offered a payment of $47, later increased to $100 in Pennsylvania, for each successful referral of a registered voter who signed the America PAC petition.

17. Defendants repeatedly advertised their offers to the general public through various means, including at campaign events, on social media, and online at https://theamericapac.org and https://petition.theamericapac.org.

18. For example, on October 6, 2024, Elon Musk described the referral payment as "[e]asy money" in a post on "X":



19. On October 17, 2024, Elon Musk posted the following message on his "X" account:



20. As shown above, Musk's offer garnered 47.8 million views.

21. America PAC also sent the following message to voters who signed the petition, offering to pay them for referrals for additional votes to sign the petition:



22. Plaintiffs and Class Members accepted Defendants' offers by signing or successfully referring registered voters to the America PAC petition.

5

23. Defendants have since failed to pay Plaintiffs and Class Members in full for their signatures and referrals.

24. Plaintiff Anthony Maglietta referred many voters in Pennsylvania to sign the America PAC petition leading up to the November 2024 election.

25. However, Plaintiff Anthony Maglietta was not paid the full promised amounts for these referrals.

26. Plaintiff Steven Reid worked as a canvasser for America PAC in Michigan and in Georgia. He referred many voters to sign the America PAC petition leading up to the November 2024 election.

27. However, despite multiple attempts to receive payment, Plaintiff Steven Reid was also not paid the full promised amounts for these referrals. He estimates that he has not been paid at least several thousand dollars he is owed for his referrals.

28. Plaintiff Jerry Victorious referred many voters in Georgia and other swing states to sign the America PAC petition leading up to the November 2024 election.

29. However, Plaintiff Jerry Victorious was not paid the full promised amounts for these referrals.

30.     Plaintiffs are in communication with numerous others who referred voters to sign the America PAC petition, who are likewise frustrated that they did not receive full payments for their referrals.

## CLASS ACTION ALLEGATIONS

1.      Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23.

2.      Plaintiffs seeks to certify the following classes:

> All persons registered to vote in a swing state when they signed the America PAC petition who have not received the agreed-upon payments from Defendants.

> All persons who successfully referred a swing state registered voter to sign the America PAC petition who have not received the agreed-upon payments or wages from Defendants.

3.      The class members are so numerous that joinder is impracticable, and the disposition of their claims in this case and as part of a single class action lawsuit, rather than through numerous individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent.

4.      There are numerous and substantial questions of law and fact common to all members of the class, which predominate over any individual issues. These common questions of law and fact include, without limitation:

   a.      Whether the Plaintiffs and Class members are entitled to payment from Defendants;

  b. Whether the Plaintiffs and Class members have an enforceable contract with Defendants;

  c. Whether Defendants have breached their contract with Plaintiffs and Class Members;

  d. Whether Plaintiffs and the Class Members justifiably relied on Defendants' promise to pay them for signing the America PAC petition;

  e. And whether Plaintiffs and the Class Members justifiably relied on Defendants' promise to pay them for signature referrals.

5. Plaintiffs are members of the proposed classes, and their claims are typical of the class claims.

6. Class members are easily ascertainable from Defendants' records.

7. Plaintiffs will fairly and adequately represent the class and have no interests that are antagonistic to the claims of the class.

8. Plaintiffs have retained counsel who are competent and experienced in class action litigation.

9. A class action is superior to other available methods of litigation for the fair and efficient adjudication of this controversy.

10. Unless a class is certified, Defendants will be unjustly enriched at the expense of class members.

11. There is no plain, speedy, or adequate remedy other than by maintenance of this class action because it is economically unfeasible for members of the class to pursue remedies other than by way of class action.

12. Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

13. Without a class action, Defendants will likely retain the benefit of their wrongdoing.

### FIRST CAUSE OF ACTION
### Breach of Contract

14. Plaintiffs reallege the preceding and subsequent paragraphs as though fully set forth herein.

15. Defendants offered to pay Plaintiffs and Class Members for signing the America PAC petition.

16. Defendants also offered to pay Plaintiffs and Class Members for successfully referring registered voters in swing states to sign the America PAC petition.

17. Plaintiffs and Class Members accepted Defendants' offers by signing the America PAC petition and/or referring registered voters in swing states to sign the America PAC petition.

18. Plaintiffs and Class Members had a binding contract for payment with Defendants.

19. Defendants have breached that contract by failing to pay Plaintiffs and Class Members.

20. Plaintiffs and Class Members are entitled to damages, including, without limitation, unpaid signature and referral fees, for Defendants' breach of contract.

21. The law of breach of contract is materially the same in all the swing states, and thus a class can be certified for breach of contract based upon breach of contract under the laws of those states, including Pennsylvania, Michigan, Georgia, Nevada, Arizona, Wisconsin, and North Carolina.

**S<small>ECOND</small> C<small>AUSE OF</small> A<small>CTION</small>**
**Promissory Estoppel (in the alternative)**

22. Plaintiffs reallege the preceding and subsequent paragraphs as though fully set forth herein.

23. In the alternative to Plaintiffs' claim for breach of contract, Plaintiffs assert that Defendants are liable under the doctrine of promissory estoppel. Defendants promised to pay Plaintiffs and Class Members for signing the America PAC petition and referring registered voters in swing states to sign the America PAC petition.

24. Defendants expected their promise to induce Plaintiff and Class Members to sign the America PAC petition and to refer registered voters in swing states to sign the America PAC petition

25. Relying on Defendants' promises, Plaintiffs and Class Members signed the America PAC petition and referred registered voters in swing states to sign the America PAC petition.

26. To avoid injustice, Defendants' promise must be enforced.

27. Having justifiably relied on Defendants' promises, Plaintiffs and Class Members are entitled to damages they incurred based upon their detrimental reliance on Defendants' promises, including, without limitation, unpaid signature and referral fees.

28. The law of promissory estoppel is materially the same in all the swing states, and thus a class can be certified for breach of contract based upon breach of contract under the laws of those states, including Pennsylvania, Georgia, Nevada, Arizona, Michigan, Wisconsin, and North Carolina.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and members of the classes, respectfully request the following relief:

a. An order certifying the classes described above and appointing Plaintiffs' counsel as class counsel;

b.  Compensatory and consequential damages;

c.  All forms of damages attributable to Defendants' violations as alleged herein; and

d.  All other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 9, 2025     Respectfully submitted,

ANTHONY MAGLIETTA, STEVEN REID, and JERRY VICTORIOUS, individually and on behalf of all others similarly situated,

By their attorneys,

*s/ Jeremy E. Abay*
Shannon Liss-Riordan (*pro hac vice* forthcoming)
Thomas Fowler (*pro hac vice* forthcoming)
Jeremy E. Abay (PA # 316730)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
jabay@llrlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of the foregoing document was served on all counsel of record of Defendants via filing on the Court's CM/ECF system on September 9, 2025.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
