UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MAGLIETTA, STEVEN REID, AND JERRY VICTORIOUS<br><br>*Plaintiffs*,<br>v.<br><br>AMERICA PAC AND ELON MUSK<br><br>*Defendants*. | No. 5:25-cv-02364-WB |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION

Defendants America PAC and Elon Musk (collectively "Defendants"), by and through their undersigned counsel, hereby oppose Plaintiffs Anthony Maglietta's, Steven Reid's, and Jerry Victorious' ("Plaintiffs") request to ***indefinitely***[1] extend their already extended deadline to move for class certification.[2]

As Plaintiffs' motion concedes, their inability to meet the existing class-certification deadline is not the result of any newly discovered fact, third-party delay, or unforeseen circumstance. It is the direct result of Plaintiffs' decision not to pursue any discovery while dispositive motions were pending—despite the Court's express instruction that discovery would proceed notwithstanding motion practice. Plaintiffs received a prior ninety-day extension on that same premise, yet still chose not to pursue any discovery during that time. Having made that deliberate choice, Plaintiffs cannot now serve eleventh-hour discovery requests on the eve of their deadline and then invoke the absence of a developed record as grounds to rewrite the case schedule

---

[1] Plaintiffs seek to tie the class-certification deadline to the Court's issuance of an order resolving the pending motions to dismiss, which would operate as an open-ended extension and suspend the deadline for an indeterminate period of time.

[2] Plaintiffs' deadline to move for class certification was already extended by ninety days on October 8, 2025, after Defendants, in good faith, agreed to stipulate to Plaintiffs' request for an extension.

wholesale. As Plaintiffs lack "good cause" under Rule 16(b)(4) or "compelling circumstances" under Section II of this Court's Policies and Procedures to justify any extension of the class-certification deadline, their motion should be denied and the existing briefing schedule left intact.

## FACTUAL BACKGROUND

Plaintiffs filed the instant action on May 8, 2025. (Dkt. No. 1). Under the Court's Policies and Procedures, discovery in all civil cases is expected to commence "upon receipt of the Notice scheduling the initial Rule 16 conference." Policies and Procedures of the Honorable Wendy Beetlestone, J., United States District Court for the Eastern District of Pennsylvania, Civil Cases § III.B.2. (effective Apr. 2025). On May 20, 2025, the Court issued its notice scheduling the initial Rule 16 conference for June 3, 2025. (Dkt. No. 6).

At the Rule 16 scheduling conference, the Court made clear to both Plaintiffs and Defendants that discovery was live and ongoing, and that the parties were expected to move the case forward notwithstanding the Court's consideration of any motions to dismiss. The Court went on to set Plaintiffs' deadline to move for class certification to October 10, 2025.

Despite the Court's directive, Plaintiffs did not pursue discovery in the months that followed. From May 20, 2025, through mid-December 2025, Plaintiffs did not serve written discovery, notice any depositions, or otherwise engage in any discovery aimed at establishing their claims. Plaintiffs also did not seek relief from the Court during that period on the grounds that discovery was unavailable, impracticable, or that additional time would be required to pursue class certification.

As Plaintiffs' original deadline to move for class certification drew near, Plaintiffs requested that Defendants stipulate to extend the deadline ninety days to January 8, 2026. *See* Ex. A, Email Chain. In the interest of good faith, Defendants agreed to this stipulation, which was filed

October 7, 2025, and granted by the Court the following day. (Dkts. 32–33). During this extended period, Plaintiffs again chose not to pursue any discovery. It was not until December 16, 2025—approximately three weeks before the January 8 class-certification deadline—that Plaintiffs served written discovery requests and noticed a Rule 30(b)(6) deposition for the first time.[3]

Shortly thereafter, Plaintiffs advised Defendants that they intended to seek a further extension of the class-certification deadline and proposed that the deadline be suspended entirely and reset to a non-certain time in the future—ninety days after the Court issues a ruling on Defendants' pending Motion to Dismiss (Dkt. No. 31). While Defendants declined to agree to an open-ended suspension of the deadline, particularly in light of Plaintiffs' prior inactivity and the fact that the schedule had already been extended by stipulation, Defendants made clear their willingness to consider a more limited, time-certain extension, subject to reasonable conditions necessary to preserve orderly case management. *See* Ex. B, Response Email. Nevertheless, Plaintiffs rejected Defendants' offer and instead filed the present motion.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Third Circuit, the "good cause" inquiry turns primarily on the moving party's diligence—specifically, whether the party seeking relief could not reasonably meet the existing deadline despite diligent efforts. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 318–19 (3d Cir. 2020) (holding that Rule 16(b)(4) governs requests to modify court-ordered deadlines and that diligence is the touchstone of the good-cause analysis); *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL

---

[3] In an effort to move the case forward in accordance with the Court's existing deadlines, Defendants served their discovery requests related to class certification on December 12, 2025. Plaintiffs did not serve their first discovery requests—or indicate in any way that the already extended January 8, 2026 class certification deadline was unworkable—until the week after receiving Defendants' requests.

3

5170445, at *3–4 (W.D. Pa. Oct. 31, 2011) (denying relief where the asserted need for additional time was self-inflicted by plaintiffs' failure to pursue discovery when the schedule allowed, describing such conduct as "exactly the opposite of diligence"); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence.").

This Court's own procedures reinforce this principle. They expressly provide that discovery is expected "to commence upon receipt of the Notice scheduling the initial Rule 16 conference," and that motions for extensions may only be requested "[w]here compelling circumstances so require…." *See* Policies and Procedures of the Honorable Wendy Beetlestone, J., United States District Court for the Eastern District of Pennsylvania, Civil Cases §§ II, III.B.2 (effective Apr. 2025).

## ARGUMENT

### I. Plaintiffs Lack Good Cause to Seek a Rule 16(b)(4) Extension Because Their Inability to Meet Their Deadline was Caused by Their Lack of Diligence.

Plaintiffs' motion for extension should be denied because their asserted need for additional time is the direct result of their own lack of diligence, not any constraint imposed by the Court, Defendants, or third parties. The Court's schedule—and the Court's express expectations—were clear from the outset. Discovery began upon receipt of the Rule 16 notice, and the Court expressly stated that discovery was underway and would not be stayed while it considered any dispositive motions. Plaintiffs had no basis to treat discovery as optional or to wait to pursue it until after motion practice.

Nevertheless, Plaintiffs did nothing. For months following the Rule 16 conference, Plaintiffs did not pursue discovery directed to class certification in any form. They did not serve written discovery. They did not notice depositions. They did not seek third-party discovery. They

4

did not alert the Court that the existing schedule was unworkable, nor did they inform the Court that additional time would be required to prepare a motion for class certification. The schedule called for Plaintiffs to begin developing a class record during this period; Plaintiffs chose not to do so.

That pattern continued even after Defendants, in good faith, stipulated to Plaintiffs' request for a ninety-day extension of the original deadline. That extension afforded Plaintiffs ample additional time to pursue discovery in support of class certification. Plaintiffs again failed to act. It was not until mid-December—seven months after discovery began and just weeks before their class-certification deadline—that Plaintiffs, for the first time served discovery requests.

Rule 16(b)(4) is not satisfied by a party that waits until a deadline is imminent and then initiates discovery in an effort to manufacture a necessity for more time. Rather, Rule 16(b)(4) is only satisfied where a party pursued discovery diligently during the period permitted by the schedule and nevertheless could not reasonably meet the deadline. *See Premier Comp*, 970 F.3d at 318–19.

That is not this case here. Plaintiffs had months of open discovery under a schedule that contemplated active discovery notwithstanding motion practice. They then received an additional ninety days. They used neither period to develop a class-certification record or to seek timely, targeted relief from the Court. The absence of a record at this stage reflects Plaintiffs' choices, not any obstacle outside their control. Courts routinely deny Rule 16 relief where, as here, the need for more time is self-created and the actions of the moving party are "exactly the opposite of diligence." *Karlo*, 2011 WL 5170445, at *3–4.

## II. Plaintiffs' Motion Should Be Denied Because it Seeks an Indefinite Suspension of Their Deadline and is Inconsistent with This Court's Case-Management Rules.

Plaintiffs' motion should also be denied because it seeks relief that is fundamentally inconsistent with this Court's Policies and Procedures. Plaintiffs' motion does not seek a short, time-certain extension that would preserve the integrity of the Court's schedule. It seeks to suspend the class-certification deadline altogether and replace it with a contingent deadline keyed to an unknown future event: "ninety days after" the Court rules on Defendants' pending Motion to Dismiss.

This Court's procedures do not contemplate extensions framed that way. They require that requests for extensions be made sufficiently prior to the due date and that extensions be granted only for a time certain based on a specific showing of need for that time for a specific purpose. *See* Policies and Procedures of the Honorable Wendy Beetlestone, J., United States District Court for the Eastern District of Pennsylvania, Civil Cases §§ II, III.A. Plaintiffs' proposal is the opposite: it provides no fixed date, no defined period, and no defined plan for what would be accomplished during that period. It asks the Court to remove a central scheduling deadline from the case and to wait until motion practice concludes sometime in the future.

The parties' communications further underscore why Plaintiffs' request is improper. Defendants advised Plaintiffs that they were willing to agree to a limited, time-certain extension that would keep a real deadline in place and allow the Court to manage the case in an orderly manner. Plaintiffs rejected that option. The Court should not now reward Plaintiffs' inaction by eliminating the deadline altogether.

### III. Granting Plaintiffs' Motion Would Prejudice Defendants and Undermine Orderly Case Management.

Granting Plaintiffs' motion would prejudice Defendants and disrupt the orderly management of this case. The class-certification deadline is a central case-management milestone. It frames discovery, informs litigation strategy, and provides the parties—and the Court—with a predictable path forward. Plaintiffs ask the Court to remove that anchor entirely after months of inactivity and after the parties have already relied on the existing schedule.

That prejudice is not speculative. Defendants have litigated this case under a schedule that required Plaintiffs to decide whether they could support class certification by January 8, 2026. Plaintiffs' request would extend that uncertainty indefinitely, forcing Defendants to litigate without knowing whether or when a class motion will be filed, or how the case will proceed.

Plaintiffs' recent discovery conduct illustrates exactly how that uncertainty is being leveraged. After waiting months to initiate discovery, Plaintiffs simultaneously served their first written discovery requests and noticed a Rule 30(b)(6) deposition to occur *before* Defendants' discovery responses and document production would be due. Conducting a Rule 30(b)(6) deposition before any document production virtually ensures that Plaintiffs will later contend the testimony was uninformed and seek additional Rule 30(b)(6) depositions after production—effectively multiplying corporate depositions through deliberate sequencing rather than substantive need.

The broader effect on case management is equally significant. Permitting a party to remain idle through discovery, obtain an extension, remain idle again, and then suspend a core deadline would signal that scheduling orders are aspirational rather than binding. Rule 16 exists to prevent precisely that outcome. The Court has already exercised flexibility once. It should reject Plaintiffs' request now to abandon the schedule altogether.

7

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be denied and the Court should maintain the existing class-certification briefing schedule.

Date: December 29, 2025

*/s/ Matthew H. Haverstick*
Matthew H. Haverstick (No. 85072)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com

*/s/ Jesse Vazquez*
Jesse Vazquez*
Florida State Bar No.1013573
Chris K. Gober*
Texas State Bar No. 24048499
Andy Taylor*
Texas State Bar No. 19727600
Anne Marie Mackin*
Texas State Bar No. 24078898
Nadin Linthorst *
New York State Bar No. 5559042
Lex Politica PLLC
#129 7415 SW Parkway
Bldg. 6, Ste. 500
Austin, Texas 78735
Telephone: (512) 354-1785
cgober@lexpolitica.com
ataylor@ataylorlaw.com
amackin@lexpolitica.com
jvazquez@lexpolitica.com
nlinthorst@lexpolitica.com

**Attorneys for Defendants**

**Admitted* pro hac vice*