# EXHIBIT B

Outlook

**Re: Doe / Maglietta – █████████████**

**From** Jesse Vazquez <JVazquez@lexpolitica.com>

**Date** Tue 12/23/2025 5:52 PM

**To** Shannon Liss-Riordan <sliss@llrlaw.com>

**Cc** Thomas Fowler <tfowler@llrlaw.com>; Anna Mackin <amackin@lexpolitica.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>

Hi Shannon,

Thank you for your note. We do not agree that it is premature for Plaintiffs to prepare their class certification motions or to pursue discovery. As you know, back in June during our scheduling conference, the Court declined our request to bifurcate discovery or stay it while our original motion to dismiss was pending. The Court made clear that discovery was ongoing during that time, and the current schedule—including the January 8 class certification deadline—was set by stipulation with the understanding that discovery would proceed notwithstanding pending motions to dismiss.

With respect to scheduling, we will not agree to an open-ended extension of the class certification deadline tied to the issuance of an order on the motions to dismiss, which would effectively suspend the deadline for an indeterminate period of time. If Plaintiffs intend to move to seek that relief, we will oppose it. That said, we would be willing to consider a much more limited, time-certain extension provided that  Plaintiffs agree to: (1) not seek any further extensions of the class-certification deadline absent extraordinary circumstances; (2) defer the noticed Rule 30(b)(6) deposition until after our initial document production and limit it to a single deposition with no continuation absent court order; and (3) ensure that any extension of the class-certification deadline is accompanied by a corresponding adjustment to the summary-judgment and Daubert deadlines.

Let us know how you'd like to proceed.

Best,
Jesse