IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MAGLIETTA, STEVEN REID, and JERRY VICTORIOUS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>AMERICA PAC and ELON MUSK,<br><br>　　　　　Defendants | Case No. 2:25-cv-2364<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' MOTION TO EXTEND DEADLINES

Plaintiffs submit this Reply in order to apprise the Court of developments since the filing of Plaintiffs' motion, which demonstrate that Defendants have not conferred in good faith.

On December 30, 2025, Defendants emailed Plaintiffs' counsel seeking to reschedule the Rule 30(b)(6) deposition currently set to take place on January 6, 2026, even though rescheduling it would mean that Plaintiffs could not take it prior to the current January 8 deadline for class certification. (Email Chain, Exhibit A.) Plaintiffs' counsel responded that it needed to take place prior to the class certification deadline and offered a compromise: Rather than setting an indefinite date for the class certification deadline tied to the Court's decision on the pending

1

Motion to Dismiss (Dkt. 31), Plaintiffs proposed a simple 90-day extension. (*Id.*) Defendants rejected that proposal. Nevertheless, because Defendants had represented to the Court their "willingness to consider a more limited, time-certain extension that would keep a real deadline in place," (Defendants' Opp. at 6, Dkt. 53), Plaintiffs made yet another proposal – that the Rule 30(b)(6) deposition be moved to January 20, 2026, and the class certification deadline be moved to February 6, 2026, which would mean an extension of about 1 month from January 8 (Email Chain, Exhibit A). Defendants rejected that proposal as well and indicated that they would not agree to *any* extension. (*Id.*)

Thus, while Defendants repeat several times in their Opposition that they are willing to consider a time-certain extension, that is not true. Defendants are engaged in gamesmanship, with the goal of forcing Plaintiffs to move for class certification before they even know which defendants and which claims will remain in the case, and before the parties have engaged in fulsome discovery.

As such, Plaintiffs reiterate their request that the class certification motion deadline be set for 90 days following the Court's decision on Defendants' Motion to Dismiss (Dkt. 31). Alternatively, the Court should set the deadline for February 6, 2026.

Dated: January 2, 2026     Respectfully submitted,

                ANTHONY MAGLIETTA, STEVEN REID, and JERRY VICTORIOUS, individually and on behalf of all others similarly situated,

                By their attorneys,

                *s/ Shannon Liss-Riordan*
                Shannon Liss-Riordan (*pro hac vice*)
                Thomas Fowler (*pro hac vice*)
                Krysten Connon (PA # 314190)
                LICHTEN & LISS-RIORDAN, P.C.
                729 Boylston Street, Suite 2000
                Boston, MA 02116
                (617) 994-5800
                sliss@llrlaw.com
                tfowler@llrlaw.com
                kconnon@llrlaw.com

                *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of the foregoing document was served on all counsel of records for Defendants via filing on the Court's CM/ECF system on January 2, 2026.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan