# EXHIBIT A

| | |
|---|---|
| **From:** | Jesse Vazquez |
| **To:** | Thomas Fowler; Nadin Linthorst; Shannon Liss-Riordan; Krysten Connon |
| **Cc:** | Francis Notarianni; Anna Mackin; Gregory McIntosh |
| **Subject:** | Re: Defendant America PAC Discovery |
| **Date:** | Friday, January 2, 2026 10:21:44 AM |
| **Attachments:** | image001.png |

Hi Thomas,

We hope you are doing well. We have discussed your proposal with our client, however for the reasons set forth in our opposition to Plaintiffs' motion to further extend the class-certification deadline, and in light of the pendency of that motion, we are not in a position to agree to an extension of that deadline at this time.

That said, in the interest of moving discovery forward and avoiding unnecessary disputes, Defendants are prepared to proceed with the noticed Rule 30(b)(6) deposition on January 6, as currently scheduled, and agree not to push the deposition to a later date.

We do, however, continue to believe that requiring an in-person deposition in Philadelphia is unreasonable given that the corporate representative is based in Texas and that the parties are fully capable of conducting the deposition by remote means. Proceeding remotely would allow the deposition to occur on the existing date without imposing unnecessary travel costs or burden, and without delaying Plaintiffs' discovery in any respect.

Accordingly, we respectfully request your agreement to stipulate to conduct the January 6 deposition by remote video conference, with the witness appearing from Texas. We are, of course, prepared to coordinate promptly on logistics (platform, court reporter, exhibit handling, etc.) to ensure the deposition proceeds smoothly. We believe that this stipulation will allow you to conduct the 30(b)(6) deposition before the existing class certification deadline and resolve this issue without further delay.

Please let us know if you are amenable to this. If not, Defendants reserve all rights to seek appropriate court relief.


Best regards,
Jesse

**From:** Thomas Fowler <tfowler@llrlaw.com>
**Sent:** Friday, January 2, 2026 9:28 AM
**To:** Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; Krysten Connon <kconnon@llrlaw.com>
**Cc:** Francis Notarianni <fnotarianni@kleinbard.com>; Jesse Vazquez <jvazquez@lexpolitica.com>; Anna Mackin <amackin@lexpolitica.com>; Gregory McIntosh <gmcintosh@kleinbard.com>
**Subject:** RE: Defendant America PAC Discovery

Hi Nadin,

Following up on the below.

Best,
Thomas

Thomas Fowler, Esq.

Lichten & Liss-Riordan, P.C.

729 Boylston Street, Suite 2000

Boston, MA 02116

(617) 994-5800

tfowler@llrlaw.com

www.llrlaw.com

**From:** Thomas Fowler
**Sent:** Tuesday, December 30, 2025 9:17 PM
**To:** 'Nadin Linthorst' <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; Krysten Connon <kconnon@llrlaw.com>
**Cc:** Francis Notarianni <fnotarianni@kleinbard.com>; Jesse Vazquez <jvazquez@lexpolitica.com>; Anna Mackin <amackin@lexpolitica.com>; Gregory McIntosh <gmcintosh@kleinbard.com>
**Subject:** RE: Defendant America PAC Discovery

OK another proposal (so that the deposition would happen after documents are produced), would be moving the deposition to January 20, and extending the class cert deadline to February 6 (roughly one month). Would that be agreeable?

Thomas Fowler, Esq.

Lichten & Liss-Riordan, P.C.

729 Boylston Street, Suite 2000

Boston, MA 02116

(617) 994-5800

tfowler@llrlaw.com

[www.llrlaw.com](www.llrlaw.com)

**From:** Nadin Linthorst <[NLinthorst@lexpolitica.com](mailto:NLinthorst@lexpolitica.com)>
**Sent:** Tuesday, December 30, 2025 8:50 PM
**To:** Thomas Fowler <[tfowler@llrlaw.com](mailto:tfowler@llrlaw.com)>; Shannon Liss-Riordan <[sliss@llrlaw.com](mailto:sliss@llrlaw.com)>; Krysten Connon <[kconnon@llrlaw.com](mailto:kconnon@llrlaw.com)>
**Cc:** Francis Notarianni <[fnotarianni@kleinbard.com](mailto:fnotarianni@kleinbard.com)>; Jesse Vazquez <[jvazquez@lexpolitica.com](mailto:jvazquez@lexpolitica.com)>; Anna Mackin <[amackin@lexpolitica.com](mailto:amackin@lexpolitica.com)>; Gregory McIntosh <[gmcintosh@kleinbard.com](mailto:gmcintosh@kleinbard.com)>
**Subject:** Re: Defendant America PAC Discovery

Thanks for the prompt response, Thomas. I understand your position given the current schedule and the desire to complete the deposition before the class-certification deadline. Unfortunately, we cannot agree to another 90-day extension of the class-certification deadline, so we will plan to proceed with the deposition next week. With that in mind, can you confirm whether Plaintiffs would be willing to conduct the deposition remotely or, alternatively, in Texas?

While we appreciate that you view Rule 45 as inapplicable, Rule 30's reasonableness standard still applies, and requiring our corporate representative to travel to Philadelphia under these circumstances would not be reasonable. We think a remote deposition or one held in Texas would address those concerns while allowing the deposition to move forward as scheduled.

Please let us know your preference so we can coordinate logistics accordingly.

Best,
Nadin

 Lex Politica

## Nadin Linthorst
Senior Counsel

202.998.2787 |  [nlinthorst@lexpolitica.com](mailto:nlinthorst@lexpolitica.com)

611 Pennsylvania Ave SE #353, Washington, DC, 20003

[www.LexPolitica.com](www.LexPolitica.com) |  LinkedIn |  @Lex_Politica

Confidentiality Notice: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail. Please virus check all attachments to prevent widespread contamination and corruption of files and operating systems. Unless otherwise expressly provided in the e-mail message above, nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act, or any other statute governing electronic transactions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the Internal Revenue Service, we hereby inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code of 1986 (as amended) or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

IMPORTANT CYBERSECURITY NOTICE: Never trust wiring or ACH instructions sent to you via email. If you receive wiring or ACH instructions via email that appear to originate from Lex Politica, you must first confirm such instructions via telephone with either Maggie Boyd or Wesley Gowen prior to initiating a transfer of funds. Please note that Lex Politica is not liable for funds lost due to fraudulent account transfers that were not confirmed in advance according to these instructions.

**From:** Thomas Fowler <tfowler@llrlaw.com>
**Sent:** Tuesday, December 30, 2025 7:09 PM
**To:** Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; Krysten Connon <kconnon@llrlaw.com>
**Cc:** Francis Notarianni <fnotarianni@kleinbard.com>; Jesse Vazquez <jvazquez@lexpolitica.com>; Anna Mackin <amackin@lexpolitica.com>; Gregory McIntosh <gmcintosh@kleinbard.com>
**Subject:** RE: Defendant America PAC Discovery

Hi Nadin,

With the current schedule, we have to take the deposition next week so that we have it done before the class certification motion is due. To that end, we would be willing to move out the deposition provided that occurs before the class cert. motion deadline. We understand that you don't want an indefinite date for the class certification deadline. As a compromise, why don't we stipulate to another 90-day extension, and we can revisit the deadline down the road if the court still hasn't ruled on the motions to dismiss. If we can agree on that, then we'd also be willing to take the deposition remotely (even though Rule 45 doesn't apply here, since the deponent is a party).

Let us know what you think.

Best,
Thomas

Thomas Fowler, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
tfowler@llrlaw.com
www.llrlaw.com

**From:** Nadin Linthorst <NLinthorst@lexpolitica.com>
**Sent:** Tuesday, December 30, 2025 5:28 PM
**To:** Thomas Fowler <tfowler@llrlaw.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; Krysten
Connon <kconnon@llrlaw.com>
**Cc:** Francis Notarianni <fnotarianni@kleinbard.com>; Jesse Vazquez <jvazquez@lexpolitica.com>;
Anna Mackin <amackin@lexpolitica.com>; Gregory McIntosh <gmcintosh@kleinbard.com>
**Subject:** Re: Defendant America PAC Discovery

Counsel,

I am reaching out regarding the Rule 30(b)(6) deposition noticed in the *Doe* and
*Maglietta* matters for January 6, 2026, to see whether Plaintiffs would be amenable to
deferring the deposition until after the Defendants' written discovery responses are due.

This email is not intended to be a waiver of, or concession with respect to, any arguments set
forth in Defendants' opposition to Plaintiffs' motion to indefinitely extend the current class-
certification deadline; however, we believe it would be a more efficient use of resources by all
concerned to conduct a 30(b)(6) deposition after the parties have exchanged a meaningful set
of documents.

We also note that the deposition notice raises a Rule 45(c) issue. The corporate representative
resides near Dallas, TX, and the deposition is noticed for Philadelphia, PA, which exceeds the
100-mile limitation. That said, Defendants are willing to work cooperatively to resolve this
issue, including by agreeing to a remote video deposition or having the parties travel to Texas.
Should the deposition proceed on January 6, the 30(b)(6) deponent will not appear in person in
Philadelphia and remote appearance accommodations will need to be made by your court
reporting service.

Please let us know your thoughts. We remain open to discussing a reasonable path forward
that preserves the Court's schedule and promotes efficient discovery.

Thank you.

Best,
Nadin

Lex Politica

Nadin Linthorst

Senior Counsel

202.998.2787 | nlinthorst@lexpolitica.com

611 Pennsylvania Ave SE #353, Washington, DC, 20003