# L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×△◇
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
THOMAS P. FOWLER×◇
BRADLEY MANEWITH•
KRYSTEN CONNON^■
OLENA SAVYTSKA×
_____

MICHAEL ROMANO•○
JACK BARTHOLET×
TREVOR BYRNE×
MORINE MITCHELL×
KELLY GEDDES×
HODA KATEBI△

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS  02116
_____

TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM
_____

× ADMITTED IN MASSACHUSETTS
△ ADMITTED IN CALIFORNIA
◇ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
• ADMITTED IN ILLINOIS
^ ADMITTED IN NEW JERSEY
○ ADMITTED IN WASHINGTON D.C.

July 16, 2026

*Via ECF*
Chief Judge Wendy Beetlestone
10614 U.S. Courthouse
601 Market Street, Courtroom 10-A
Philadelphia, PA 19106

Re:    Maglietta et al v. America PAC and Elon Musk, Case No. 5 :25-cv-2364-WB
       Doe et al v. America PAC and Elon Musk, Case No. 2:25-cv-1691-WB

Dear Chief Judge Beetlestone:

Plaintiffs write to request a conference with the Court to discuss the progress of discovery and their request for a further extension of the deadline to move for class certification.  While Plaintiffs had hoped that the prior extension would allow sufficient time for them to obtain the discovery they seek in order to move for class certification, this discovery has not been produced, since Defendants claim that the requested documents are in the hands of alleged third-party vendors that are really under Defendants' control (and who themselves have informed us that it is Defendants themselves who actually have these documents).

In December 2025, Plaintiffs served their requests for production on Defendants. Among other things, Plaintiffs sought records of all people who signed Defendants' petitions, records of who obtained the signatures for each petition, and records of all payments for signatures and referrals. Defendants have produced some documents and claim their productions are complete, but their productions have not included this critical information.[1]

Plaintiffs sought to resolve this issue by meeting and conferring with Defendants. During those conferrals, Defendants claimed not to possess these records and, instead, claimed that America PAC's vendors possessed them. Defendants maintained, as well, that America PAC and Elon Musk did not control these vendors.  Plaintiffs know that is not correct.  Among other

_____

[1]    The vast majority of Defendants' productions consisted of emails from people like Plaintiffs, who wrote to complain that they had not been paid as promised.

# L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

things, two of the vendors were entities established by Elon Musk.[2] Principal members of the other vendors simultaneously held leadership positions in America PAC. One vendor's key point of contact for the petition program maintained a contact associated with Elon Musk's family office. Clearly, Defendants control these vendors and share possession and access to any documents that the vendors possess related to this case.

Even so, in the interest of cooperative discovery, the parties worked out an agreement in which Plaintiffs would subpoena these vendors for their records.  Under the agreement, the vendors would produce records to Defendants, who would have a two-week opportunity to review these records for privilege; Defendants then would produce the documents to Plaintiffs. To facilitate this process, Defendants agreed to notify the vendors of Plaintiffs' forthcoming subpoenas. The parties also agreed to extend the briefing deadlines by two months, to their current dates.

Plaintiffs hoped this agreement would ensure that the vendors complied with the subpoenas and allow them to obtain the discovery needed to move forward with the case, including class certification.  Plaintiffs promptly subpoenaed Defendants' vendors, but only two of the five vendors have produced any documents, and those productions are very deficient. In response to the subpoenas, the vendors have claimed that the documents Plaintiffs seek are in fact in America PAC's possession—not theirs.  As a result, Plaintiffs are in the process of noticing Rule 30(b)(6) subpoenas for the vendors, so that Plaintiffs can obtain deposition testimony regarding who actually has the documents Plaintiffs are seeking regarding the petition program and administration of payments to putative class members. Plaintiffs expect they will need to take other depositions, as well, before moving for class certification.

Plaintiffs are frustrated that they have been going in circles to obtain the discovery that is essential to their case – with Defendants claiming the vendors have the documents and the vendors claiming Defendants have the documents – and neither agreeing to produce them.

While the parties have agreed to another extension of briefing deadlines, Plaintiffs request that the Court schedule a conference to discuss these issues, along with the revised schedule for the case. Plaintiffs are hopeful that a conference with the Court may help resolve these issues and will help the parties avoid further requests for extensions.

Sincerely,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
Counsel for Plaintiffs

cc:  All counsel of record (by ECF)

---

[2]     These are United States of America Inc. and Group America, LLC. According to reporting in national media, Mr. Musk was listed as the director of United States of America, Inc., and that corporation was listed as the managing member of Group America LLC. Jared Birchall, the head of Mr. Musk's family office, is also affiliated with both companies.