**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANTHONY MAGLIETTA AND JERRY VICTORIOUS,**<br>Plaintiffs,<br>v.<br>**AMERICA PAC AND ELON MUSK**<br>Defendants. | No. 5:25-cv-02364-WB |

**DEFENDANTS' MOTION TO STRIKE AND FOR ENTRY OF AN ORDER CONFIRMING DISMISSAL OF STEVEN REID**

Defendants America PAC and Elon Musk ("Defendants"), by and through their undersigned counsel, respectfully move to strike Plaintiffs' Notice of Withdrawal of the Stipulation of Dismissal of Steven Reid (Dkt. 61; the "Notice") and move for an entry of an order confirming dismissal of Steven Reid.

On August 18, 2026, Plaintiffs signed and filed a stipulation dismissing Steven Reid from this action without prejudice. (Dkt. 60). That stipulation—agreed to and signed by counsel for every party who had appeared in this case—took effect the moment it was filed.

Nevertheless, on September 3, 2026, without making a single attempt to communicate or meet and confer with Defendants' counsel, Plaintiffs filed a three-sentence Notice announcing that Mr. Reid "wishes to proceed as a lead plaintiff in this matter," and that Plaintiffs were therefore "withdraw[ing]" a dismissal that had already taken full legal effect two and a half weeks earlier (Dkt. 61). Plaintiffs cite no rule, no case, and no order that would authorize such a maneuver.

That is because none exists. A stipulation of dismissal signed by all appearing parties is immediately self-executing under Rule 41(a)(1)(A)(ii) and requires no court order or entry to take

effect. Because Mr. Reid's dismissal was final from the moment Dkt. 60 was filed, Plaintiffs' Notice should be stricken and an order confirming Mr. Reid's dismissal should be entered.

## LEGAL STANDARD

This Court retains jurisdiction over this still-pending action, including the authority to resolve disputes over the status of the parties before it. Fed. R. Civ. P. 7(b). Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits a plaintiff to dismiss an action "without a court order" by filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Such a stipulation is "immediately self-executing"—it requires "[n]o separate entry or order" from the Court and "the action on the merits is an end" the moment it is filed. *State National Insurance Co. v. Cty. of Camden*, 824 F.3d 399, 406-407 (3d Cir. 2016); *see also Feldman v. Amtrak*, No. CV 20-4492, 2021 WL 12320641, at *1 n.1 (E.D. Pa. Dec. 3, 2021) (confirming a stipulation of dismissal "does not require a court order or court approval to take effect."); *Lee v. 1333 Enter., Inc.*, No. 2:19-CV-00182-JDW, 2019 WL 9143480, at *3 (E.D. Pa. Dec. 13, 2019) (same).

Federal courts retain the inherent authority to manage their own dockets, and in the exercise of that authority may strike or disregard a filing that has no proper place in the record. *Boscov's Dep't Store, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 546 F. Supp. 3d 354, 361 (E.D. Pa. 2021) (affirming that because "federal judges have the inherent power to manage cases that come before them," courts may consider "motions that a party captions a motion to strike but that are different in kind than the motions that Rule 12(f) contemplates."); *Karlo v. Pittsburgh Glass Works, LLC*, No. 2:10-CV-1283, 2015 WL 3966434, at *3 (W.D. Pa. June 8, 2015) ("District courts …retain their inherent authority to control their docket…and in the exercise of that power, they may strike from the record an improperly filed document.").

## ARGUMENT

Plaintiffs' Notice rests on two premises, both of which fail. First, Plaintiffs observe that "[t]he Court has not yet entered Mr. Reid's dismissal," as though the stipulation remained pending for the Court's consideration. (Dkt. 61 at 1). But under the authorities above, no further action was necessary. The stipulation bore the signatures of counsel for every appearing party and expressly provided for Mr. Reid's dismissal without prejudice. (Dkt. 60 at 1). It neither requested court approval nor conditioned dismissal on a subsequent order. Mr. Reid's dismissal was therefore effective upon filing, and the absence of a separate order left Plaintiffs with nothing to withdraw.

Second, Plaintiffs contend that because Mr. Reid now "wishes to proceed as a lead plaintiff," they may "therefore" withdraw the stipulation. (Dkt. 61 at 1). A change of mind, however, is not a basis for treating an effective dismissal as though it never occurred. Plaintiffs identify no authority permitting them to undo—by unilateral notice—what all parties agreed to accomplish by stipulation. Mr. Reid's present desire to participate cannot by itself restore the party status he relinquished when the stipulation was filed.

The Notice accordingly has no legal effect on Mr. Reid's dismissal and serves only to create uncertainty about his status in this litigation. The Court should exercise its authority to manage its docket by striking the Notice and confirming the effect of the parties' stipulation: Steven Reid was dismissed from this action without prejudice on August 18, 2026, and Plaintiffs' September 3 Notice did not reinstate him.

Date: September 11, 2026

*<u>/s/ Matthew H. Haverstick</u>*
Matthew H. Haverstick (No. 85072)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 568-2000

Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com

*/s/ Jesse Vazquez*
Jesse Vazquez*
Florida State Bar No.1013573
Anne Marie Mackin*
Texas State Bar No. 24078898
Nadin Linthorst *
New York State Bar No. 5559042
Lex Politica PLLC
#129 7415 SW Parkway
Bldg. 6, Ste. 500
Austin, Texas 78735
Telephone: (512) 354-1785
jvazquez@lexpolitica.com
amackin@lexpolitica.com
nlinthorst@lexpolitica.com

**Attorneys for Defendants**

**Admitted* pro hac vice

**CERTIFICATE OF SERVICE**

I, Matthew H. Haverstick, hereby certify that on September 11, 2026, I caused a true and correct copy of the foregoing document to be served on all counsel of record for Plaintiffs via filing on the Court's CM/ECF system.

Date: September 11, 2026

/s/ *Matthew H. Haverstick*
Matthew H. Haverstick