**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY MAGLIETTA, STEVEN REID, and JERRY VICTORIOUS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA PAC and ELON MUSK,<br><br>Defendants. | Case No. 5:25-cv-02364-WB |

**BRIEF IN SUPPORT OF PLAINTIFFS'**
**<u>MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT</u>**

## I. INTRODUCTION

Plaintiffs, by and through their undersigned counsel, hereby move the Court for leave to file a Second Amended Class Action Complaint. Rule 15 of Federal Rules of Civil Procedure provides that leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2). The proposed Second Amended Class Action Complaint is narrowly tailored to re-add Steven Reid as a named Plaintiff to this action. As detailed below, the requested relief should be freely granted.

## II. BACKGROUND

On May 8, 2025, Plaintiffs Steven Reid, Anthony Maglietta, and Jerry Victorious filed their Complaint in this case individually and on behalf of all others similarly situated, ECF No. 1, which was later amended, ECF No. 28. On August 16, 2026, the parties filed a stipulation of dismissal of Steven Reid without prejudice under Rule 41(a)(1)(A)(ii). ECF No. 60. Plaintiffs submitted a notice of withdrawal as to the stipulation of Mr. Reid's dismissal. ECF No. 61.

On September 11, 2026, Defendants moved to strike Plaintiffs' notice of withdrawal and requested that the Court enter an order confirming the dismissal of Mr. Reid's claims. ECF No. 62. Plaintiffs did not oppose this request. ECF No. 63.

## III. LEGAL STANDARD

Rule 15 reflects the Federal Rules' liberal amendment policy, instructing courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15. The Third Circuit has consistently applied this principle, holding that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Third Circuit has enumerated specific showings a defendant must make for a district court to deny leave to amend a complaint. A district court may deny leave where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman*, 371 U.S. at 182). Defendants, as the non-moving parties, bear the burden of showing that such grounds exist to deny leave to amend here. *See Kern v. Phoenixville Hosp., LLC*, 342 F.R.D. 324, 327 (E.D. Pa. 2022); *see also Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp.2d 695, 700 (E.D. Pa. 2007).

## IV. ARGUMENT

### A. Defendants are Unable to Demonstrate Undue Delay, Bad Faith, or Dilatory Motive.

Plaintiffs seek leave to amend for the narrow purpose of adding Mr. Reid as a named Plaintiff to this action after voluntarily dismissing him without prejudice. Mr. Reid initially chose to withdraw from this case but quickly changed his mind. The proposed amended complaint would permit Mr. Reid to proceed as a lead plaintiff in this matter.

The delay in seeking amendment to re-assert his claims is minimal—only a few weeks—and will not impact any deadline in this case. In fact, there have been no other docket entries since the Stipulation of Dismissal and related filings. Further, the passage of time alone does not merit denying leave to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Nor do Plaintiffs' request arise from bad faith or a dilatory motive. Plaintiffs merely seek to return the case to its recent posture.

**B. The Proposed Amendment Will Not Prejudice the Defendants.**

Granting leave to amend would also not prejudice Defendants. "Prejudice" under Rule 15's formulation means "the hardship to the defendants if the amendment were permitted." *Cureton*, 252 F.3d at 273. In reviewing prejudice, the Third Circuit considers "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.* (collecting cases); *see also Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 228 (E.D. Pa. 2012).

The proposed amendment would not invoke any new facts or theories. Rather, it would merely add Mr. Reid back into the case, who has been party to this action throughout the duration of the case and sought dismissal less than six weeks ago. *See* ECF No. 60 (August 16, 2026 stipulation). Further, Mr. Reid would be a putative class member regardless of amendment. His re-addition as a named plaintiff to the case would not result in any hardship for Defendants.

**C. The Proposed Amendment is not Futile.**

Nor is the proposed Second Amended Class Action Complaint futile. Futility of amendment equates to the failure to state a claim under the standard for a Rule 12(b)(6) motion to dismiss. *Synthes*, 281 F.R.D. at 229 (citing *Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008)). This Court has already reviewed Mr. Reid's claims and denied Defendants' motion to

dismiss under Rule 12(b)(6). ECF No. 46 (order denying). Amendment to reassert those same claims would therefore not be futile. Further, because Mr. Reid's claims were previously dismissed without prejudice, his claims are neither barred nor waived. *See* ECF. No. 60 (stipulation to dismissal without prejudice). Defendants are unable to demonstrate undue delay, bad faith, dilatory motives, futility, or prejudice here.

For the foregoing reasons, the Court should grant Plaintiff's request to file a Second Amended Complaint adding Steven Reid as a named Plaintiff in this action.

Dated: September 25, 2026

Respectfully submitted,

ANTHONY MAGLIETTA, STEVEN REID, and JERRY VICTORIOUS, individually and on behalf of all others similarly situated,

By their attorneys,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
Krysten Connon (PA # 314190)
Michael J. Romano (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
kconnon@llrlaw.com
mromano@llrlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which constitutes service on Defendants, whose counsel are registered participants on that system.

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan